UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FAIRFIELD CORNERSTONE AT
FARMINGDALE LLC,

                              **MEMORANDUM & ORDER**
                Petitioner,            20-CV-207 (MKB)

              v.

MALIKA PRITCHETT,

                Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On September 9, 2019, Petitioner Fairfield Cornerstone at Farmingdale, LLC commenced eviction proceedings against Respondent Malika Pritchett in the District Court of the County of Nassau, First District, Hempstead Part, under Index No. LT-004262-19. (Pet. for Removal & Federal Stay of Eviction ("Pet."), Docket Entry No. 1.) On January 10, 2020, Respondent, proceeding *pro se*, removed the action to the United States District Court for the Eastern District of New York. (*See id.*) Respondent also filed a motion to proceed *in forma pauperis* ("IFP"). (IFP Mot., Docket Entry No. 2.) The Court grants the IFP motion solely for the purpose of this Memorandum and Order.

      For the reasons set forth below, the Court remands the action to the Nassau County District Court of the County of Nassau, pursuant to 28 U.S.C. § 1447(c).

**I.    Background**

      Respondent removed this eviction proceeding from the District Court of the County of Nassau for non-payment of rent related to occupancy at 40 Elizabeth Street, Apt. 110,

Farmingdale, New York. (Pet. 3.)[1]  Respondent alleges that the eviction proceeding violates "the Uniform Commercial Code of 15 U.S.C. 1692" and the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 1–2.)  Respondent also attaches to the Petition for Removal a December 3, 2019 Stipulation of Settlement for Non-Payment, in which Respondent consented to the jurisdiction of the District Court and agreed to make two payments totaling $18,150 by January 6, 2020. (*Id.* at 5.)

## II. Discussion

### a. Standard of review

A defendant may remove a civil action brought in state court to a federal court in "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).  The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."). "An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." *Bankhead v. New York*, No. 13-CV-3377, 2013 WL 6145776, at *1 (E.D.N.Y. Nov.

---

[1] Because the pages of the Petition for Removal and the attached exhibits are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing ("ECF") system.

21, 2013) (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."). A district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Kenmore Assocs., L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010).

> **b. The removal is untimely**

The removal is untimely. A defendant must file a notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within [thirty] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Although the statutory time limit is not jurisdictional, the limit is mandatory and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (internal citations and quotations omitted), *superseded on other grounds by rule as stated in Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008); *Mun. Credit Union v. O'Neal Bey*, No. 19-CV-6394, 2019 WL 6317445, at *2 (E.D.N.Y. Nov. 26, 2019) ("If removal is based on a federal question, the notice of removal must be filed within 30 days after service of the initial pleading setting forth the claim for relief." (citing 28 U.S.C. § 1446(b)(1))).

The eviction proceeding was commenced on September 9, 2019 and Petitioner filed the Petition for Removal on January 10, 2020, well after the thirty-day period permitted to remove

3

an action to federal court. *See Levchenko v. Chase Bank USA, N.A.,* No. 10-CV-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011) ("Failure to file within the [thirty] -day filing period leads to an automatic defeat of the removal petition." (citation omitted)).

### c. The Court lacks jurisdiction

Even assuming the Petition for Removal is timely, the Court remands the action for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). A potential defense premised on a federal statute is insufficient to warrant removal. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (stating that "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction"); *Franchise Tax Bd. of Cal.*, 463 U.S. at 14 (same). In addition, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

The underlying state court action is an eviction proceeding for non-payment of rent. Respondent claims that the Court has jurisdiction over the action pursuant to the "Uniform

Commercial Code of 15 U.S.C. 1692" and the FDCPA but these claims were not raised in the initial petition in state court. Assertions of federal statutory claims in response to the state court proceeding are insufficient to invoke the federal court's jurisdiction where original jurisdiction is lacking. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law.'" (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004))); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach."). Thus, even if the FDCPA had any relevance to Respondent's claim,[2] it may not serve as the basis for removal.

---

[2] The FDCPA has no bearing on Respondent's claim. The FDCPA was enacted to protect consumers from abusive debt collection practices by third-party debt collectors, to create parity in the debt collection industry, and to standardize governmental intervention in the debt collection market. 15 U.S.C. § 1692(e); *see also Benzemann v. Citibank, N.A.*, 806 F.3d 98, 100 (2d Cir. 2015). It prohibits certain activities by debt collectors, including, among others, improper communications with the consumer, 15 U.S.C. § 1692c, harassing or oppressive behavior, 15 U.S.C. § 1692d, false or misleading representations, 15 U.S.C. § 1692e, and the use of unfair or unconscionable means of debt collection. 15 U.S.C. § 1692f. The FCDCPA defines a "Debt collector" as any person who uses interstate commerce "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," 15 U.S.C. § 1692a(6), and does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," 15 U.S.C. § 1692a(6)(A). Respondent has not alleged that her landlord is a "debt collector" for purposes of the FDCPA or that her landlord engaged in any improper communications or harassing behavior or other actions that would violate the FDCPA.

## III. Conclusion

For the foregoing reasons, the Court remands the action to the District Court of the County of Nassau, First District, Hempstead Part, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to send a certified copy of this Memorandum and Order to the Clerk of the District Court of the County of Nassau, mail a copy of this Memorandum and Order to Respondent, and close the case in this Court.

Dated: March 3, 2020
       Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge